UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JEFFREY BORDEAUX,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA LAW ENFORCEMENT, UNITED STATES MARSHALS,<br><br>Respondent. | 5:15-CV-05029-KES<br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION TO VOID, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING COMPLAINT |

Plaintiff, Jeffrey Bordeaux, filed this lawsuit pursuant to 42 U.S.C. § 1983, naming the State of South Dakota Law Enforcement and the United States Marshals as defendants. Docket 1. This matter was referred to Magistrate Judge Veronica L. Duffy for handling pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and this court's standing order of October 16, 2014. Magistrate Judge Duffy "screened" this case pursuant to 28 U.S.C. §§ 1915 and 1915A and recommends dismissal of all of Bordeaux's claims for failure to state a claim upon which relief may be granted pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Docket 14. Bordeaux objects to the recommendation. Docket 16. He also moves to "void" the report and recommendation. Docket 15. For the reasons below, Magistrate Judge Duffy's report and recommendation is adopted, Bordeaux's motion is denied, and the complaint is dismissed.

## FACTUAL BACKGROUND

Bordeaux filed this complaint on April 22, 2015. Docket 1. Magistrate Judge Duffy found that, liberally construed, the complaint "sets forth claims for false arrest and false imprisonment in connection with his arrest on state charges of trespassing, impersonation to deceive a law enforcement officer, and criminal entry into a motor vehicle." Docket 14 at 6 (citing Docket 1 at 5). Magistrate Judge Duffy recommends these claims be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994). Docket 14 at 6-9. Bordeaux timely filed objections to the report and recommendation. Docket 16. He moves to void the court's application of §§ 1915 and 1915A, essentially arguing that the statutes are unconstitutional. Docket 15.

## LEGAL STANDARD

Review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to").

## DISCUSSION

Bordeaux does not raise any clear objections. The majority of his filing is an explanation of government and liberty in general. He also reiterates the contents of his complaint. In his objection, he touches on the two arguments

2

that he raises more clearly in his motion to void. *See* Docket 16 at 1 and 2. He argues that the constitution allows him to proceed in forma pauperis and avoid § 1915A's screening procedure. Docket 15 at 1. He also claims that this court, rather than a magistrate judge, should respond to his complaint. *Id.* at 1.

## I. § 1915A Is Constitutional

Bordeaux argues that he has the right to petition the government, and §§ 1915 and 1915A violate that right. "[T]he Petition Clause protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." *Borough of Duryea, Pa. v. Guarnieri*, 131 S. Ct. 2488, 2494 (2011). This right is not violated by § 1915, which allows the court to dismiss a complaint before service, or §1915A, which requires the court to screen prisoners' complaints. The Eighth Circuit Court of Appeals has rejected constitutional objections to § 1915. *See Christiansen v. Clarke*, 147 F.3d 655 (8th Cir. 1998) (§ 1915 challenged under the due process and equal protections clauses).

The claim also fails under the First Amendment. The filing of an inmate lawsuit is a protected First Amendment activity. *Haynes v. Stephenson*, 588 F.3d 1152, 1155-56 (8th Cir. 2009) (quoting *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007)). Bordeaux filed this lawsuit; his right has been exercised. Bordeaux essentially challenges the process by which the court dismisses the lawsuit. That process does not infringe upon his First Amendment rights. Therefore, this objection is overruled.

### II. Magistrate Judge Duffy Has the Authority to Issue a Report and Recommendation

Bordeaux argues that the district court rather than a magistrate judge should respond to his complaint. He challenges Magistrate Judge Duffy's authority in this case. The case was referred to Magistrate Judge Duffy pursuant to 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 order. Under § 636(b)(1)(B), "[A] judge may also designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court . . . of prisoner petitions challenging conditions of confinement." "The consent of the parties is not required under this section." *Newsome v. E.E.O.C.*, 301 F.3d 227, 230 (5th Cir. 2002). The referral was valid under § 636(b)(1)(B).

Bordeaux objects, arguing that the date of the court's order precedes the acts in his complaint. The order, however, is a standing order from this court referring prisoner § 1983 cases to Magistrate Judge Duffy. This matter was properly referred to Magistrate Judge Duffy. Bordeaux's objection is overruled.

Bordeaux's objections are styled as a complaint. He raises no objection to Magistrate Judge Duffy's application of the *Heck* doctrine, does not attempt to refine his claims, and does not explain why he disagrees with the report and recommendation. Bordeaux presents essentially the same arguments in his motion as his objections. For this reason and the reasons explained above, his objections are overruled, and his motion is denied.

### III. Bordeaux's Filing Fee.

If Bordeaux's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. The legislative history and the case law interpreting the Prison Litigation Reform Act (PLRA), however, instruct that unsuccessful prison litigants, like any other litigants, do not get their filing fees back if their cases are dismissed. The fact that Bordeaux's case is dismissed under the screening procedures of §§ 1915 and 1915A does not negate his obligation to pay the fee. *See Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (Under the PLRA prisoners are required to pay filing fees in full. The only issue is whether the inmate pays the entire filing fee at filing or in installments). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997). Bordeaux remains responsible for the $350.00 filing fee.

Bordeaux is advised that the dismissal of this lawsuit will be considered a **first "strike"** for purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Therefore, it is ORDERED

1. Bordeaux's motion to void (Docket 15) is denied.

2. Bordeaux's objections (Docket 16) to the report and recommendation are overruled.

3. The magistrate judge's report and recommendation (Docket 10) is adopted and Bordeaux's § 1983 complaint (Docket 1) is dismissed without prejudice.

4. This action constitutes the **first strike** against Bordeaux for purposes of the three-strike rule under 28 U.S.C. § 1915(g).

Dated October 28, 2015.

                    BY THE COURT:

                    */s/ Karen E. Schreier*
                    KAREN E. SCHREIER
                    UNITED STATES DISTRICT JUDGE